ARMOUR FERTILIZER WORKS, A CORPORATION, *Plaintiff in Error*, v. W. R. CRAWFORD AND J. A. CRAWFORD, *Defendants in Error*.

En Banc.

Opinion Filed February 21, 1925.

Motion for leave to enter remittitur denied March 24, 1925.

In an action for damages for overflowing lands with debris and mud cast into a creek from a phosphate mining plant, the creek being filled and the mud and debris overflowing plaintiff's lands, where the charges do not clearly confine a recovery to the injury done by the defendant as distinguished from that done by the defendant's predecessor in the operation of the phosphate mining plant, and it appears that the defendant reasonably could have been harmed by the charges as given, the judgment for the plaintiff will be reversed.

A Writ of Error to the Circuit Court for Polk County; John S. Edwards, Judge.

Reversed.

*Wilson & Swearingen* and *L. C. Johnson*, for Plaintiff in Error;

*Olliphant & Olliphant*, for Defendants in Error.

WHITFIELD, J.—In an action to recover damages for injury to plaintiff's land by mud, slush, dirt and dirty water and other kinds of debris thrown upon the land by reason of an overflow from a creek, resulting from defendant's unlawfully causing mud, slush, dirt and dirty water to be cast and thrown into the creek in operating a phosphate mining plant, it appears that long before the defendant bought the mining plant, it had been operated by another company which had cast mud, &c., from the plant into the creek and that mud, &c., deposits had been cast upon plaintiffs' land before the defendant bought and begun operating the plant, and the charges given do not clearly instruct the jury that in determining the amount of the plaintiffs' injury the jury should consider only the difference in the value of the land before and after the debris, &c., was shown to have been cast upon the land as a proximate result of the defendant's unlawful acts, so as to exclude damages for debris, &c., that may have been cast upon plaintiffs' land before the defendant bought and begun operating the mining plant. The amount of the verdict ($2,750.00) in view of all the testimony, indicates that the jury was not duly confined to considerations that make the defendant liable only for its own tort and not for any part of its predecessor's tort, if any. It is perhaps not practical to suggest a remittitur on this record, therefore the judgment should be and is reversed for a new trial. It is so ordered.

TAYLOR, C. J., AND ELLIS, BROWNE AND TERRELL, J. J., concur.

WEST, J., dissents.

WEST, J., dissenting.

The final paragraph of the charge given to the jury by the court is as follows: "The Court charges you, gentle-

men of the jury, that you are trying only the damage that the evidence in this case shows was inflicted by the defendant in this case. You are not to take into consideration any damage which was done, if you find any damage was done, by any other person, in your consideration of the case. The damage that has been done by the defendant in this case and no other is for you to consider and if you find from the evidence that the defendant in this case has damaged the plaintiffs' property and the evidence has established the amount of that damage, you should find that without any reference to any damage which might have been done by any other person or corporation.''

It seems to me that the charge is not so defective as to require a reversal of the judgment upon the grounds stated in the opinion.